IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-238-2D
NO. 5:11-CR-238-3D
NO. 5:11-CR-238-4D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| WANDA JEAN DIXON | ) |
| HELEN TAYLOR DIXON | ) |
| LAVERNE BRIDGERS | ) |

**PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the entry of the Memoranda of Plea Agreement entered into by the defendants, WANDA JEAN DIXON, HELEN TAYLOR DIXON, and LAVERNE BRIDGERS on October 17, 2011, the following property is hereby forfeitable pursuant to 18 U.S.C.§ 853, to wit: (1) The real property and home located on Wilson County Parcel ID Number 3659989079, having a street address of 6560 E US 264 ALT, Saratoga, NC 27873, titled in the names of ALFONZA MCCOY and WANDA JEAN DIXON, described in Book 1699, Page 109 of the Wilson County Register of Deeds; (2) The real property and home located on Wilson County Parcel ID Number 3750349127 having a street address of 5732 US 264 ALT E, Wilson, NC 27893; titled in the names of WILLIE A. DIXON and HELEN TAYLOR DIXON, described in Book 1572, Page 313 of the Wilson County Register of Deeds; (3) The real property and home located on Wilson County Parcel ID Number 3721730098 having a street address of 1701 East Trail Drive, Wilson, NC 27893, titled in the names of WILLIE ALBERT DIXON and

LAVERNE DIXON, described in Book 1419, Page 578 of the Wilson County Register of Deeds; (4) One 2005 Cadillac STS, VIN 1G6DC67A050166233; and (5) A money judgement in the amount of $150,000.

AND WHEREAS, by virtue of said Memoranda of Plea Agreement, the United States is now entitled to possession of said personal property, pursuant to 21 U.S.C. § 853(g);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memoranda of Plea Agreement as to the defendants, the United States is hereby AUTHORIZED to seize the above-stated real and personal property, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). In addition, JUDGMENT is entered for the amount of the gross proceeds, that is, $150,0000, as allowed by Fed.R.Crim.P. 32.2(b)(2)(A). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order and Judgment shall become final as to the defendant at the time of sentencing.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Preliminary Order and Judgment of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

3. Pursuant to 21 U.S.C. § 853(n), the United States shall

publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

SO ORDERED. This 7 day of December, 2011.

_____
JAMES C. DEVER, III
United States District Judge